Filed 12/06/23

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-852

Miriam Lowell and Seth Healey v. Vermont Department of Children and Families et al

Opinion and Order on Plaintiffs' Motion for Injunction Pending Appeal

DCF substantiated Plaintiffs for abuse or neglect on a preliminary basis, notified them of its intent to list them on Vermont's Child Protection Registry, and Plaintiffs sought independent DCF review of those decisions pursuant to 33 V.S.A. § 4916a. Plaintiffs then sued DCF in federal court and later in this case, seeking to enjoin the administrative proceedings because, in their view, the statutory scheme is unconstitutional. Though neither the federal court nor this Court has ever found the statutory process unconstitutional or enjoined the administrative actions, DCF has paused them voluntarily while the litigation has played out at length. Several years after the initial substantiation decisions, Plaintiffs' independent administrative reviews still have not happened. The Court recently determined that the substantiation and listing process is not facially unconstitutional, granted the State's motion to dismiss, and denied Plaintiffs' motion to reconsider. Plaintiffs have appealed those decisions to the Vermont Supreme Court.

Plaintiffs represent that, at some point after this Court's dismissal decision, DCF sprang to life and indicated its intent to proceed with their administrative reviews despite the pending appeal. Plaintiffs now ask the Court to enjoin the administrative

proceeding pursuant to Vt. R. Civ. P. 62(d)(2) to maintain the status quo while their appeal unfolds.

Rule 62(d)(2) provides in relevant part: "When an appeal is taken from a final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." *See* Vt. R. App. P. 8(a)(1) (indicating that such relief ordinarily must be sought first in the superior court). Such a motion is subject to the Court's discretion. Relevant factors include "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 11 Mary Kay Kane, *et al., Fed. Prac. & Proc. Civ.* § 2904 (3d ed.); *accord Gilbert v. Gilbert*, 163 Vt. 549, 560 (1995). "[T]he burden of meeting the standard is a heavy one" and such motions are seldom granted. 11 Mary Kay Kane, *et al., Fed. Prac. & Proc. Civ.* § 2904 and cases collected at n.15.

After considering those factors, the Court declines to enjoin DCF from proceeding with the administrative cases pending appeal. Though Plaintiffs characterize an injunction now as merely maintaining the status quo, it is a highly unusual status quo that has relied for years on DCF's voluntary choice to not proceed with statutory mandates during litigation. Plaintiffs have repeatedly asked courts to intervene in their administrative cases, and none has. If the administrative actions, instead, had proceeded according to the ordinary statutory process, the substantiations may not have

been confirmed or could have been stayed. Alternatively, if DCF's independent reviews affirmed the substantiations, Plaintiffs could have sought *de novo*, and potentially expedited, review before the Human Services Board, raising all the issues they have raised here but in the manner contemplated by statute.

Plaintiffs' likelihood of success on appeal does not weigh in their favor. As the Court has analyzed the issues, Plaintiffs' success will depend largely on their ability to persuade the Vermont Supreme Court to reverse its own decision in *In re Selivonik*, 164 Vt. 383 (1995). As noted in the dismissal decision, the current statutory process is far more protective of their rights than it was at the time of *Selivonik*. And they have been unable to produce legal support for a decision contrary to *Selivonik* under the revised statutory process. They have not come forward with a "strong showing" that they are likely to succeed on appeal.

Nor is irreparable harm apparent. To the extent that Plaintiffs characterize the harm as the violation of their constitutional rights regardless whether their independent reviews affirm their substantiations, that merely recasts their disagreement over what the law requires—addressed more appropriately under the likelihood of success factor— as harm. Otherwise, their fears about what may happen during or as a result of their independent reviews are simply speculative. Those reviews in fact could reject the substantiations altogether.

Under the third and fourth factors, it bears noting that Plaintiffs thus far have succeeded in interrupting DCF's regular statutory role to make substantiation and Registry listing decisions for an extraordinary time. While Plaintiffs suggest that their own children are at no risk, the Registry is intended to protect the public. An injunction

at this stage would merely delay further DCF's ability to do now what the controlling statutes have required all along.  Delay is not harmless merely because so much already has accrued.  Whether Plaintiffs should or should not be substantiated and listed should have been determined long ago.  Indeed, the statutory scheme favors a prompt resolution of such matters for all concerned and for the public.

Conclusion

For the foregoing reasons, Plaintiffs' motion for an injunction pending appeal is denied.

Electronically signed on Monday, December 4, 2023, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge